

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 25, 1977

The Honorable Kenneth Ashworth
Commissioner
Coordinating Board
Texas College and University
    System
P. O. Box 12788, Capitol Station
Austin, Texas   78711

Opinion No. H-929

Re:  Applicability of
Texas Education Agency
regulations to grievance
proceedings before boards
of public community college
districts.

Dear Dr. Ashworth:

You have asked whether the procedures for hearings and
appeals promulgated by the Texas Education Agency pursuant
to section 11.13 of the Education Code are applicable to public
junior or community college districts.  Section 11.13 provides
in pertinent part:

> (a) Persons having any matter of dispute
> among them arising under the school laws of
> Texas or any person aggrieved by the school
> laws of Texas or by actions or decisions of
> any board of trustees or board of education
> may appeal in writing to the commissioner of
> education . . . .
>
> (b) The decisions of the commissioner of
> education shall be subject to review by the
> State Board of Education.
>
> (c) Any person, county, or school district
> aggrieved by any action of the Central
> Education Agency may appeal to a district
> court in Travis County, Texas . . . .

p. 3884

You state that the board of trustees for the El Paso Junior College District recently received a request from a number of its employees for a hearing at which those employees might present grievances. The district's board of trustees has indicated its commitment to satisfying pertinent standards of procedural and substantive due process, but questions the applicability of regulations issued by the Texas Education Agency pursuant to section 11.13.

The Education Code authorizes the Coordinating Board for the Texas College and University System to exercise "general control of the public junior colleges" of Texas. Education Code, §§ 61.060, 130.001. All authority not vested in the Coordinating Board is "reserved and retained locally in each respective public junior college district . . . ." Education Code, § 61.060. Thus, we have previously said:

> [W]ith the exception of certain aspects of vocational and technical programs, neither the commissioner of education nor the State Board of Education exercises control over junior colleges, that control generally being vested in the Coordinating Board, local public junior college districts, and the governing board of each public junior college. Attorney General Opinion H-541 (1975) at 1-2.

We consider Attorney General Opinion H-541 to be dispositive of the question you pose. Section 11.13 of the Education Code confers upon neither the commissioner of education nor the State Board of Education authority to hear appeals from actions of public junior college boards of trustees. Accordingly, rules and regulations relative to the conduct of hearings and appeals issued by the Texas Education Agency pursuant to section 11.13 of the Education Code are inapplicable to hearings before the governing boards of public junior or community college districts, except insofar as those hearings concern vocational and technical programs under the jurisdiction of the State Board of Vocational Education. See Attorney General Opinions H-580 and H-541 (1975).

## S U M M A R Y

Rules relative to the conduct of
hearings and appeals issued by the Texas
Education Agency are inapplicable to
hearings before the governing boards of
public junior or community college
districts, except insofar as those
hearings concern vocational and technical
programs under the jurisdiction of the State
Board of Vocational Education.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb